**William BUTLER and Russell Smith**

v.

**James G. CRUMLISH, Jr., Howard Leary and William Lennox.**

**Civ. A. No. 35337.**

United States District Court
E. D. Pennsylvania.
Dec. 23, 1964.

Herman I. Pollock, Vincent Ziccardi, Philadelphia, Pa., of Defender Ass'n of Philadelphia, for plaintiffs.

Matthew W. Bullock, Jr., Deputy City Sol., for defendants.

Harold Randolph, Asst. Dist. Atty., for defendant Crumlish.

FREEDMAN, Circuit Judge (acting by designation).

In this case I issued a preliminary injunction restraining the defendants from subjecting the plaintiffs to a police line-up without their consent, on the ground that the compulsory line-up would constitute an invidious discrimination, depriving them of the equal protection of the laws guaranteed by the Fourteenth Amendment. Butler v. Crumlish, 229 F.Supp. 565 (E.D.Pa.1964).

When the case came on for final hearing it was disclosed that some time after the preliminary hearing was held the plaintiffs were freed on bail. On at least a number of occasions the private prosecutrix did not appear when the cases against Smith and Butler respectively were called for trial. Their cases will not be listed for trial until the prosecutrix in the particular case is found, and if she cannot be found will ultimately be nol prossed.[1]

---

1. The plaintiff Smith, who had been committed by a magistrate on March 7, 1964, was released on September 25, 1964, on being permitted to sign his own bail bond. This was after his case had been listed for trial four times, the last time on September 10, 1964.

The plaintiff Butler had been committed by a magistrate on March 16, 1964, and was released on bail on June 25, 1964. His case had twice been listed for trial.

At the final hearing the defendants' counsel stated that if there were no injunction they would invite but not coerce the plaintiffs while they were free on bail to appear at a divisional line-up, but that if they came into their custody they would then subject them to a line-up regardless of their consent. They conceded the likelihood that plaintiffs will come into the custody of the police by running afoul of some requirement for their appearance, with the consequence that their bail will be forfeited. This raised the possibility that the police might give them no time to protect their rights. I therefore requested the defendants to declare, either by testimony or through their counsel, whether they would afford plaintiffs an opportunity to communicate with their counsel and seek injunctive relief before placing them in a compulsory line-up. The defendants expressly gave their assurance that such opportunity would be afforded.

■ Plaintiffs gave no testimony of any threat of violation of their rights while they are free on bail. The record contains merely the statement by counsel for the defendants that there is the likelihood that the plaintiffs will come into their custody in the future and that if this occurs the police intend to subject them to a compulsory line-up. But I must give this concession no greater significance than the assurance by the defendants that the compulsory line-up will not be imposed without first affording to the plaintiffs adequate opportunity to secure redress against the threat. It follows therefore that the threat is at this time remote and contingent. Not until the plaintiffs should come into the custody of the police would the threat of harm be sufficiently clear to justify a call for equitable relief. Since the opportunity for relief is assured and it is not even clear at the present time that the occasion will ever exist when such relief may be required, the plaintiffs have not carried their burden of establishing the present existence of the threat of imminent and irremediable harm. Lacking this they are not entitled to a final injunction.

■ There remains the duty to frame the appropriate decree. Any dismissal of the suit would require a specification that it be without prejudice to the plaintiffs' right to institute another action if changed circumstances should require it. Historically, equity acts with the utmost flexibility, and it seems to me more appropriate to retain jurisdiction so that if the plaintiffs should come into the custody of the police in the future they will not be required to institute a new suit but may proceed more expeditiously by filing an amended complaint, which would be the equivalent of chancery's supplemental bill, reciting the new facts and seeking the relief appropriate under the circumstances as they may then exist.

The facts which I have here described and the views which I have here expressed will constitute findings of fact and conclusions of law.

### ORDER

And now, December 23, 1964, a final hearing having been held, the preliminary injunction is terminated and a final injunction is denied, but jurisdiction of the action is retained with leave to the plaintiffs, or either of them, to file an amended complaint seeking appropriate relief in the event that plaintiffs, or either of them, shall be in the custody of the defendants and threatened with a compulsory police line-up.